```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Juan C. Villar

    v.                                    Civil No. 13-cv-009-JD

City of Aventura et al.[1]

### REPORT AND RECOMMENDATION

Before the court is Juan C. Villar's amended complaint (doc. no. 4) alleging that defendants violated his civil rights and his rights under Florida law.  Because Villar is proceeding in forma pauperis, the matter is before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

### Background

Villar alleges that on September 21, 2009, while he was sitting at a bus stop in Aventura, Florida, he was assaulted by two members of the Aventura Police Department ("APD").  Villar states, after the assault, the officers fabricated a felony assault charge against him, arrested him, and caused him to be

---

[1] Villar names the following defendants in his amended complaint (doc. no. 4): the City of Aventura, Florida; and Aventura Police Department Officers Thomas Mundy, Juan Gonzalez, and Karyn Brinson, who are sued in their individual and official capacities.

prosecuted on the false charge.  Villar states that he filed an internal affairs complaint concerning the incident with the APD.  Villar alleges that the APD officer investigating his complaint determined that his complaint was unfounded, and also fabricated evidence against him, resulting in a charge on a second felony assault.  Villar states that on January 5, 2011, he was acquitted of both offenses after a jury trial.

## Discussion

In general, venue is appropriate in the federal district court located in the particular district "in which any defendant resides, if all defendants are residents of the State in which the district is located" or "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(1) and (2).  Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Here, Villar asserts claims based entirely upon events which occurred in Aventura, Florida, against the City of Aventura, and three residents of Florida who work in Aventura.  The only connection this case has with this district is that, at

present, Villar resides in New Hampshire. Accordingly, the court finds that the Southern District of Florida is the court with appropriate venue. Further, nothing in the record suggests that the interests of justice would not be served by the transfer of this matter to the Southern District of Florida.

## Conclusion

For these reasons, this case should be transferred to the United States District Court for the Southern District of Florida. If this report and recommendation is approved, the district judge should direct the clerk's office to transfer this case to that court, and close the case in this court.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

present, Villar resides in New Hampshire. Accordingly, the court finds that the Southern District of Florida is the court with appropriate venue. Further, nothing in the record suggests that the interests of justice would not be served by the transfer of this matter to the Southern District of Florida.

## Conclusion

For these reasons, this case should be transferred to the United States District Court for the Southern District of Florida. If this report and recommendation is approved, the district judge should direct the clerk's office to transfer this case to that court, and close the case in this court.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

```
                              _____
                              Landya McCafferty
                              United States Magistrate Judge
```

June 10, 2013

cc: Juan C. Villar, pro se

LBM:jba